JOHN JACKSON, PLAINTIFF IN ERROR, v. SAMUEL HALE, GEORGE C. MANY, AND JOHN V. AYER.

Where a warehouseman gave a receipt for wheat which he did not receive, and afterwards the quantity which he actually had was divided amongst the respective depositors, an action of replevin, brought by the assignee of the fictitious receipt, could not be maintained when, under it, one of these portions was seized.

Evidence offered to show that the wheat in question was assigned to the defendant, was objected to by the plaintiff in the replevin; but such objection was properly overruled. The plaintiff had shown no title in himself.

So also, evidence was admissible to show that the receiver of the fictitious certificate had never deposited any wheat in the warehouse.

The defendants in this case were the assignees of the original warehouseman, and were not responsible, unless it could be shown that wheat was deposited, which had come into their possession.

THIS case was brought up by writ of error from the District Court of the United States for the District of Wisconsin.

The facts are stated in the opinion of the court.

It was argued by *Mr. Lawrence*, for the plaintiff in error, and by *Mr. Lee*, and *Mr. Seward*, for the defendants in error.

*Mr. Lawrence*, for the plaintiff in error, made the following points.

*First.* The Judge of the District Court erred in ruling upon the admission of testimony, that a depositary, when there is a joint interest in the deposit, may change the joint interest of depositors' into an interest in severalty, by mere setting apart, without delivery made.

*Second.* The court erred in holding, that a depositor, having a joint interest in one description of property, his depositary could confer a title upon him, to the extent of such joint interest, from deposits of a different description; or that if his deposits were in part winter wheat, &c., his depositary might set apart to him the spring wheat of other depositors, and such act of the depositary would give title.

*Third.* Testimony was improperly admitted, that "the property rose in value after it was taken in replevin," and "that

the agent of the plaintiff was told that the wheat belonged to parties," in whom defendants had pleaded property—as also the evidence to contradict the receipt.

*Fourth.* The Judge of the District Court should not have decided to refuse a new trial, if defendants would consent to remit a part of the recovery for detention, when a recovery had been secured by testimony taken under objection.

Mr Chief Justice TANEY delivered the opinion of the court.

It appears, in this case, that C. H. Hutchinson was a warehouseman at the city of Ranasbo, (formerly Southport,) in Wisconsin, and in that character had received on deposit large quantities of wheat from different persons, which, by common consent, was mingled in general mass.

On the 22d of February, 1850, Hale, Many, and Ayer, the defendants, succeeded Hutchinson in the business and possession of this warehouse ; and at the time the possession was transferred, the portions of wheat to which the several depositors were respectively entitled, were separated and put into different bins ; and the old receipts given by Hutchinson, surrendered.

In this division, 7000 bushels, which had been deposited at different times by Adams & Son, were placed in a separate bin for them ; and they, as well as Hutchinson and Hale, Many and Ayer, were present when the division was made.

Previous to this, however, and while Hutchinson was still carrying on business at the warehouse, he gave the following receipt to Hubbard, Faulkner & Co.

Received into store, Southport, January 19, 1850, for account of Messrs. Hubbard, Faulkner & Co., four thousand bushels of spring wheat, deliverable on board vessel free of charge, on return of this receipt, and not insured against fire.

4000 bushels of wheat.                    C. L. HUTCHINSON.

Hubbard, Faulkner & Co. never deposited any wheat at the warehouse, but paid Hutchinson $2,640 as the price of the quantity mentioned in the receipt ; and afterwards sold it to John Jackson, the plaintiff in error, for $1,050, and indorsed and delivered to him the receipt.

The plaintiff, claiming to be entitled to this quantity of wheat under this assignment, sued out a writ of replevin against the defendants, and the marshal, under the direction of the agents of the plaintiff, replevied and delivered to him 4000 bushels of wheat, part of the 7000 bushels, placed in a bin for Adams & Son, as herein before mentioned.

The defendants appeared and pleaded sundry pleas, and among others, property in Adams & Son. And at the trial, the

jury found for the defendants, and that the wheat taken, was the property of Adams & Son; and its value, $2,640; and assessed damages for the detention, at the sum of four hundred dollars.

Upon a motion made by the plaintiff, for a new trial, the court it seems, were of opinion that a new trial should be granted, unless the defendant remitted all the damages assessed as aforesaid, beyond the interest on the value of the wheat from the day it was taken under the replevin, to the day of trial. And under this opinion of the court, the defendants remitted all of the damages, except one hundred and one dollars, and the judgment was thereupon accordingly entered.

Upon this judgment the present writ of error is brought.

The facts above stated, are set out in an exception taken by the plaintiff. The statement shows, that Hubbard, Faulkner & Co., in whose favor the warehouse receipt was given by Hutchinson, never deposited any wheat in this warehouse, but paid for this receipt in money. And the plaintiff offers no evidence but the receipt itself to show that Hutchinson had any wheat of his own in this warehouse at the time it was given, or at any other time; and in the division which took place when the possession was transferred to the defendants, none was set apart as belonging to Hutchinson.

Upon such a state of facts, it is difficult to see how any question of law could have arisen, open to dispute. The plaintiff indeed objected to the evidence offered to prove that the wheat replevied was, in the division of the general mass, set apart in a bin as the property of Adams & Co. But if there was any thing in the objection, (and clearly there was not,) it would not avail the plaintiff unless he could show that it belonged to him. For he could not maintain the replevin unless he proved that the wheat was his property. And if he had no wheat there, it was perfectly immaterial whether it was lawfully divided, or remained in general mass. And if the want of a legal division among the owners, prevented it from being specifically the property of Adams & Co., it would equally prevent it from being the separate property of the plaintiff, even if he was entitled to the quantity he claimed in the general mass.

So, too, he excepts to evidence offered to prove that Hubbard Faulkner & Co. had never deposited any wheat in the warehouse. The evidence was undoubtedly admissible. For whether they had done so or not, was the fact in dispute. Besides, the plaintiff himself had already proved the fact by his own witness, Faulkner, who stated that Hubbard, Faulkner & Co. paid money to Hutchinson for the wheat. They did not, therefore, deposit it themselves. And as regards the damages remitted,

certainly the plaintiff is not injured by having the judgment rendered against him for a smaller sum instead of a larger. ·If either party had a right to complain of the opinion of the court under which the *remittitur* was entered, it was the defendants, and not the plaintiff. For, if a party uses the process of the law wilfully and oppressively, his conduct may be considered by the jury in estimating the damages sustained by the injured party. And proof of the conduct of the agents of the plaintiff in this respect, and also of the damage sustained by the defendants by the loss of a favorable market, were properly submitted to the consideration of the jury.

The receipt of Hutchinson, upon which the plaintiff relied, did not prove, or tend to prove, that the wheat taken on the replevin was the wheat therein mentioned — or that any wheat belonging to Hutchinson, or to Hubbard, Faulkner & Co., ever came to the hands of the defendants. It showed that Hutchinson held so much wheat for Hubbard, Faulkner & Co. But the defendants are not answerable for his contracts, or his warehouse receipts, unless it is shown that the property came into their possession. And there is not the slightest evidence to show that any wheat, belonging either to Hutchinson or to Hubbard, Faulkner & Co., was ever in the warehouse after it was transferred to the defendants.

The judgment of the District Court is affirmed, with costs.

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Wisconsin, and was argued by counsel. On consideration whereof, it is now here ordered, and adjudged by this court, that the judgment of the said District Court, in this cause be, and the same is hereby, affirmed, with costs, and interest until the same is paid, at the same rate per annum that similar judgments bear in the courts of the State of Wisconsin.